UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JERMAINE BAKER, | ) | |
|---|---|---|
| | ) | Case Nos. 1:06-cr-69; 1:17-cv-180 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court are the following motions filed by Petitioner Jermaine Baker: (1) a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 414); (2) a motion to proceed in forma pauperis (Doc. 416); and (3) a motion to reduce sentence (Doc. 422). For the following reasons, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 414) and his motion to reduce sentence (Doc. 422) will be **DENIED**, and his motion to proceed in forma pauperis (Doc. 416) will be **DENIED AS MOOT**.

I.  BACKGROUND

In 2006, Petitioner pleaded guilty to one count of the lesser-included offense of Count One of the indictment for conspiracy to distribute five grams or more of a mixture or substance containing cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846. (*See* Doc. 116.) Petitioner was subsequently classified as a career offender pursuant to United States Sentencing Guideline §§ 4B1.1 and 4B1.2, based on two prior Tennessee controlled-substances convictions. (Doc. 187, at 18; Doc. 318, at 2–3.) Based on application of the career-offender enhancement, the underlying offense, and Petitioner's criminal

history, the Court calculated Petitioner's advisory guidelines range as 262 to 327 months' imprisonment. (Doc. 187, at 18; Doc. 318, at 2–3.) At sentencing, Petitioner did not object to the Court's calculation of his advisory guidelines range. (Doc. 187, at 16–17.) The Court subsequently sentenced Petitioner to 300 months' imprisonment followed by an eight-year term of supervised release. (Doc. 174, at 2–3.) Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed the Court's sentence on March 23, 2009.[1] (Doc. 318.) On October 15, 2009, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. (Doc. 331.)

On June 26, 2017, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. (Doc. 414.) In his motion, Petitioner argues that, based on the United States Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior controlled-substance convictions no longer qualify as controlled-substance offenses, thereby making application of the career-offender enhancement under United States Sentencing Guideline §§ 4B1.1 and 4B1.2 inappropriate. (*See generally* Doc. 415.) Additionally, on May 21, 2018, Petitioner filed a motion to reduce his sentence pursuant to United States Sentencing Guideline § 3B1.2 and Amendment 794. (Doc. 422.) Petitioner's motions are now ripe for the Court's review.

## II.   MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A.  *Standard of Law*

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the

---

[1] On appeal, Petitioner did not challenge the district court's calculation of his guidelines. (Doc. 318, at 4.) Instead, Petitioner argued that his sentence was unreasonable because the Court failed to explain its basis for rejecting Petitioner's request for a sentence below the Guidelines. (*Id.*)

2

statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## B. Analysis

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. In his motion, Petitioner asserts that his motion is timely because he filed it within one year of the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).[2] (Doc. 106, at

---

[2] Petitioner does not assert that his motion is timely under Section 2255(f)(1), (2), or (4). The Court notes, however, that Petitioner's judgment became final on October 5, 2009, and that Petitioner did not file the instant motion until June 26, 2017—more than seven years later. Additionally, Petitioner does not provide any facts suggesting that he filed his motion within one year of the removal of an impediment created by Government action in violation of the

3

12.)  Under Title 28, United States Code, Section 2255(f)(3), however, Petitioner's motion is considered timely only if *Mathis* created a newly-recognized right that the Supreme Court made retroactively applicable to cases on collateral review.  In *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017), the Sixth Circuit held that *Mathis* did not announce a new rule of constitutional law made retroactive to cases on collateral review.  *Id.* at 376–77; *see also Williams v. United States*, No. 17-5695, 2018 WL 3089199, at *2 (6th Cir. Jan. 11, 2018) (holding that *Mathis* did not announce a new, retroactively applicable rule of constitutional law).  Accordingly, Petitioner's motion is not timely and is barred by the one-year statute of limitations applicable to petitions for collateral relief under Title 28, United States Code, Section 2255 of the United States Code.[3]

## III. MOTION TO REDUCE SENTENCE

Petitioner has also filed a motion to reduce his sentence pursuant to United States Sentencing Guideline § 3B1.2 and Amendment 794.  (Doc. 422.)  In the context of a motion for sentence reduction pursuant to Title 18, United States Code, § 3582(c)(2),[4] the only amendments

---

Constitution or laws of the United States or that he made his motion within one year of discovering new facts that support his motion.

[3] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations.  While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).  To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

[4] In relevant part, Title 18, United States Code, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

4

to the United States Sentencing Guidelines that provide relief are those which are listed in United States Sentencing Guideline § 1B1.10. *United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010); *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). Amendment 794 is not listed in United States Sentencing Guideline § 1B1.10(d) and, thus, does not provide a basis for a sentence reduction under Title 18, United States Code, Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(d). Accordingly, the Court will **DENY** Petitioner's motion for a sentence reduction (Doc. 422).

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 414) and his motion for sentence reduction (Doc. 422) are **DENIED**. Petitioner's motion for leave to appeal in forma pauperis (Doc. 416) is **DENIED AS MOOT**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action

---

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

>	**/s/** *Travis R. McDonough*
>	**TRAVIS R. MCDONOUGH**
>	**UNITED STATES DISTRICT JUDGE**